Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL ALEJANDRO CANEZ (9),<br>ARMANDO LOPEZ CORRAL (12),<br>JORGE VALDEZ (14),<br>RAMON VALVERDE SERNAS (15), and<br>PEDRO PARRA (16),<br><br>Defendants. | NO. CR20-120RSM<br><br>**PROTECTIVE ORDER** |

This matter, having come to the Court's attention on the parties' joint motion for entry of a discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. **Protected Material.** For purposes of this Order, "Protected Materials" shall include (1) Grand Jury testimony; (2) financial information (and summaries of said financial information) and other personal identifying information ("PII")[1] obtained during

---

[1] "PII" includes, but is not necessarily limited to, the information identified in Fed. R. Crim. P. 49.1(a) and includes full names, dates of birth, Social Security numbers (or other identification information), financial account information (including account numbers), tax information, driver's license numbers, addresses, telephone numbers, locations of residences or employment, medical records, school records, juvenile criminal records, and other confidential information. Given the sheer volume of financial records at issue in this matter redacting all PII is simply impractical, and that in some instances un-redacted PII may be necessary to the defense.

PROTECTIVE ORDER - 1
*U.S. v. Carreno-Ortega, et al.,* CR20-120JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the investigation, either via Grand Jury subpoena and/or during the execution of search warrants; (3) cellular telephone downloads; (4) recorded statements of defendants and/or witnesses; (5) other personal information about defendants and third parties, including but not limited to photographs (including sexually suggestive photographs or other photographs of family members, defendants and/or witnesses) and other sensitive information obtained from the search of social media, cellular telephones and other digital devices seized during the investigation; and (5) criminal history reports for defendants and/or witnesses (collectively, the "Protected Material").

Items specifically identified as (1) – (5) in the paragraph above will be considered Protected Material without further designation by the Government. Other information believed by the Government to be Protected Material will be so designated by the Government.

2. **Grand Jury Materials.** Subpoenaed financial and other documents and transcripts of the Grand Jury testimony of witnesses may be provided to trial counsel when appropriate. Notwithstanding the present Protection Order, these materials shall remained sealed for all other purposes.

3. **Production of Protected Material to the Defense.** The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Discovery material will be provided to the court-appointed discovery coordinator for dissemination to the defense, or in some instances directly to defense counsel. Possession of copies of the Protected Materials is limited to the discovery coordinator, attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as "members of the defense teams"). Further, the attorneys of record are required, prior to disseminating any copies of the Protected or Sensitive Materials to members of the defense teams, to provide a copy of this Protective Order to members of the defense teams, and obtain written consent by members of the defense teams of their acknowledgment to be bound by the terms and conditions of this

PROTECTIVE ORDER - 2
*U.S. v. Carreno-Ortega, et al.,* CR20-120JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Protective Order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

4. **Review of Protected Material by Defendants.** The discovery coordinator, attorneys of record and members of each Defendant's defense team may share and review the Protected Material with their respective client/defendant. Defendants who are residing at the Federal Detention Center (FDC) will be permitted to review the Protected Material, consistent with the regulations established by the BOP, with their respective counsel in a controlled environment at the Federal Detention Center (FDC), but will be prohibited from printing out, copying, or disseminating the discovery; provided, however, that source financial documents, cell phone downloads, audio recordings of statements by defendants and/or witnesses and criminal history reports will not be provided to detained defendants. Counsel for retained defendants are permitted to review said materials with their clients in person or via VTC conference, but may not give copies to their clients. Defendants who are on pretrial release will be permitted to review the Protected Material at the offices of their counsel, but will be prohibited from printing out, copying, or disseminating the discovery.

5. **Limits on Dissemination of Protected Materials.** The discovery coordinator, attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendants and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the Defendants and other persons. This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the government's discovery obligations.

6. **Future Production of Additional Protected Materials.** Additional types of discovery items may be deemed by the parties to constitute Protected Material upon agreement, or (if no agreement can be reached) by further order of the Court.

PROTECTIVE ORDER - 3
*U.S. v. Carreno-Ortega, et al.,* CR20-120JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. **No Waiver.** Nothing in this order should be construed as imposing any substantive discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

8. **Use of Protected Material in Court.** Any Protected or Sensitive Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

9. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this prosecution. Furthermore, at the close of this case, defense counsel shall return the Protected Material, including all copies of the Protected Material, to the office of the United States Attorney, or otherwise certify that the material has been destroyed.

10. **Violation of Order.** Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

11. **Modification of Order.** Nothing in this Stipulation shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall

PROTECTIVE ORDER - 4
*U.S. v. Carreno-Ortega, et al.,* CR20-120JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

12. **No Ruling on Discoverability or Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

13. **Addition of Defendants after Entry of Order**. This Protective Order will cover additional Defendants in this case so long as they agree to be bound by the terms of this Protective Order and so indicate that consent by the execution of a supplemental stipulation, which shall be filed as an addendum or supplement to this Protective Order.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this 16th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

s/ *Vincent T. Lombardi*
VINCENT T. LOMBARDI
Assistant United States Attorney

PROTECTIVE ORDER - 5
*U.S. v. Carreno-Ortega, et al.,* CR20-120JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970